IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JETITHESARI INC. *dba* BUDGET INN,<br><br>*Plaintiff*,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, SUBSCRIBING TO CERTIFICATE NUMBER BCN01336,<br><br>*Defendant* | CIVIL ACTION NO. 6:23-CV-187 |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff, Jetithesari Inc. *dba* Budget Inn, (hereinafter referred to as "plaintiff" or "insured"), is a Texas corporation and maintains its principal place of business in Texas.

2. Defendant, Certain Underwriters at Lloyds of London, subscribing to certificate number BCN01336 (hereinafter referred to as "Lloyds" or "Defendant") is a New York corporation and maintains its principal place of business in New York. Defendant may be served with process by serving its registered agent for service, Lloyd's America, Inc., Attn: Legal Department, 280 Park Avenue, East Tower, 25th floor, New York, NY 10017.

### JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

## Venue

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## Conditions Precedent

5. All conditions precedent have been performed or have occurred.

## Facts

6. Plaintiff is the owner of a property insurance policy, policy number BCN01336, issued by the defendant (hereinafter referred to as the "policy").

7. Plaintiff owns the property that is specifically located at 704 North Rice Street, Hamilton, Texas 76531 (hereinafter referred to as the "property").

8. Defendant or its agent sold the insurance policy to plaintiff.

9. On or about March 24, 2021, the insured's property sustained hailstorm damage. The insured submitted a claim to Lloyds against the policy for damage. The insured submitted a claim to Lloyds against the policy for damage caused to the property because of the storm. Lloyds assigned Claim No. 814396N to the claim (hereinafter referred to as "claim"). The insured asked Lloyds to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

10. After the insured reported the claim, Lloyds inspected the property in question. Lloyds performed an insufficient and unreasonable investigation of the property. The storm caused extensive damage to the exterior and interior of the property including the office roof. The extensive damage to the interior of the property called for the flooring to be replaced, drywalls to be sealed, hung, taped, and floated, removal and replacement of insulation, repair to the drywall texture, painting, and content removal. Lloyds did not conduct a thorough inspection and did not

make sufficient allowances for these damages. As a result of Lloyds' unreasonable investigation, the insured was wrongly denied the full cost to repair all the damage.

11. Lloyds failed to properly adjust the claim and Lloyds has denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by the insured. Furthermore, Lloyds underpaid portions of the insured's claims by not providing full coverage for the damages sustained by the insured, as well as under-scoping the damages during its investigation.

12. In addition, Lloyds denied contractor overhead and profit expenses associated with the proper repair of the property. Lloyds denied payment of dumpster load fees, debris disposal fees, residential supervision, taxes, insurance, permits, and fees. Lloyds has displayed a pattern and practice of denying payment of these expenses to any of its insureds.

13. Lloyds failed to properly assess the condition of the risk during the underwriting process and during the policy period and Lloyds failed to establish a loss reserve that was commensurate with the risk and possible extent of the loss Lloyds' improper underwriting actions negatively impacted the amount of funds available for a fair payment of the insured's claim and provided Lloyds with a motive to underpay and/or wrongly deny the insured's claim.

14. Lloyds failed to properly qualify, train, and supervise its employees and agents to whom Lloyds entrusted the handling of various portions of insured's claim.

15. Lloyds, its agents, and employees failed to follow procedures and properly execute their duties as promulgated in Lloyds' system of administering and handling the insured's claim. Lloyds' actions, as detailed in the facts of this letter and the allegations set forth herein, caused a system failure that resulted in Lloyds' violation of the Texas Insurance Code, Texas Deceptive Trade Practices Act, as well as the violation of a host of Texas common law principles of law.

These violations resulted in Lloyds' denial to the insured of the full protection and benefits of these laws and the policy benefits to which the insured was entitled.

16. Lloyds failed to communicate with the insured to ensure that the insured understood the coverage denials that the insured received.

17. To date, Lloyds continues to delay in the payment for the damages to the property. As such, the insured's claim(s) remain unpaid, and the insured still has not been able to properly repair the property.

### POST-CLAIM UNDERWRITING

18. Plaintiff alleges that defendant engaged in post-claim underwriting in its handling of plaintiff's claim. At the time that defendant sold the insurance policy to plaintiff, defendant fraudulently failed to recognize the risk posed by the applicant plaintiff before agreeing to insure plaintiff. This allowed defendant to immediately collect profits on the premium paid by the plaintiff. Defendant expended virtually no effort in underwriting the risk associated with the insurance policy to secure the policy sale and then launched an all-out investigation searching for any reason to deny the claim. In its use of post-claim underwriting, defendant searched for reasons to deny plaintiff's claim by conducting the type of evaluation that it should have conducted before defendant sold the policy to plaintiff and before plaintiff paid insurance premiums to defendant. Had plaintiff known and understood that defendant would engage in post-claim underwriting before plaintiff agreed to purchase the insurance policy from defendant, the plaintiff would have made an informed decision and purchased coverage from a different insurance company. Defendant's actions allowed defendant to collect an upfront premium profit while scheming to betray its promise of full indemnity. In the case at hand, defendant's post-claim underwriting scheme caused plaintiff to purchase a worthless insurance policy and suffer financial property loss.

19. Defendant underwrote plaintiff's policy as part of a scheme to deny any claim plaintiff would file under the policy. Defendant's post-claim underwriting scheme caused defendant to wrongly deny plaintiff's claim. To date, defendant continues to delay in the payment for the damages to the property. As such, the plaintiff's claim remains unpaid, and the plaintiff was never able to properly repair the property.

## COUNT 1 - BAD FAITH

20. Plaintiff is an insured under an insurance contract issued by defendant, which gave rise to a duty of good faith and fair dealing.

21. Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

22. Following its initial inspection, defendant possessed all information necessary to enable it to make a fair coverage and payment determination on plaintiff's claim. In addition, following its initial inspection, defendant failed to provide coverage for all the covered damage, including the damage that plaintiff's inspector discovered during his inspection. Defendant failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiff.

23. Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages:

    a. mental anguish damages; and

    b. loss of policy benefits.

24. <u>Exemplary damages.</u> Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## COUNT 2 - BREACH OF CONTRACT

25. In addition to other counts, defendant breached its contract with plaintiff.

26. Plaintiff and defendant executed a valid and enforceable insurance contract. The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiff's property caused by a covered peril, and that plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policy.

27. Plaintiff fully performed plaintiff's contractual obligations.

28. Defendant breached the contract by refusing to pay the full amount of the cost to repair or replace the property. Defendant failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiff.

29. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

30. <u>Attorney Fees.</u> Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented plaintiff's claim to defendant. Defendant did not tender the amount owed within 30 days of when the claim was presented.

## COUNT 3 – DECEPTIVE INSURANCE PRACTICES

31. Defendant failed to explain to plaintiff the reasons for defendant's offer of an inadequate settlement. Defendant failed to offer plaintiff adequate compensation without adequate explanation of the basis in the policy for its decision to make less than full payment. Furthermore, defendant did not communicate that any future settlements or payments would be forthcoming to pay for the

entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiff's claim.

32. Defendant failed to affirm or deny coverage of plaintiff's claim within a reasonable time. Specifically, plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from defendant.

33. Defendant refused to fully compensate plaintiff under the terms of the policy, even though defendant failed to conduct a reasonable investigation. Defendant performed an outcome-oriented investigation of the plaintiff's claim which resulted in a biased, unfair and inadequate evaluation of plaintiff's losses on the property.

34. Defendant failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiff's claim, begin an investigation of plaintiff's claim, and request all information reasonably necessary to investigate plaintiff's claim within the statutorily mandated time of receiving notice of plaintiff's claim.

35. Defendant failed to accept or deny plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, defendant failed to communicate with plaintiff to ensure that plaintiff understood the coverage denials plaintiff received.

36. Defendant's acts or practices violated:

    a. Texas Insurance Code chapter 541, subchapter B.

        (1) Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

(2) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

(3) Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3).

(4) Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A).

(5) Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7).

(6) Making an untrue statement of material fact. TEX. INS. CODE §541.061(1).

(7) Leaving out a material fact, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

b. Texas Deceptive Trade Practices Act §17.46(b).

(1) Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COM. CODE §17.46(b)(12).

c. Texas Insurance Code Chapter 541.151.

37. Defendant's acts and practices were a producing cause of injury to plaintiff which resulted in the following damages:

a. actual damages; and

b. insurance policy proceeds.

38. Plaintiff seeks damages within the jurisdictional limits of this Court.

39. <u>Additional damages.</u>  Defendant acted knowingly, which entitles plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

40. <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### COUNT 4 - LATE PAYMENT OF CLAIMS

41. Plaintiff is insured under a contract for property insurance issued by defendant.

42. Defendant is an insurance carrier doing business in the State of Texas.

43. Plaintiff suffered a loss covered by the policy and gave proper notice to defendant of plaintiff's claim.

44. Defendant is liable for the claim and had a duty to pay the claim in a timely manner.

45. Defendant breached its duty to pay plaintiff's claim in a timely manner by not timely:

   a. acknowledging the claim;

   b. investigating the claim;

   c. requesting information about the claim;

   d. paying the claim after wrongfully rejecting it; and

   e. paying the claim after accepting it.

46. Defendant's breach of duty caused injury to plaintiff, which resulted in the following damages:

   a. mental anguish damages;

   b. policy proceeds;

   c. prejudgment interest.

47. <u>Statutory damages.</u>  Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 10% of the amount of the claim.

48. <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## JURY DEMAND

49. Plaintiff respectfully requests a trial by jury.

## CONDITIONS PRECEDENT

50. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## PRAYER

51. For these reasons, plaintiff asks that plaintiff be awarded a judgment against defendant for the following:

    a. Actual damages.

    b. Prejudgment and post judgment interest.

    c. Court costs.

    d. Attorneys' fees.

    e. Exemplary damages.

    f. All other relief to which plaintiff is entitled.

Respectfully submitted,

GULF COAST INSURANCE LAWYERS, P.C.
3233 West Dallas Street, Suite 2101
Houston, Texas 77019
Telephone: (713) 941-9309
Facsimile: (844) 270-0740

_____
DANNY RAY SCOTT
State Bar No. 24010920
danny@gulfcoastinsurancelawyers.com
NOHAYIA JAVED
State Bar No. 24074482
attorneyjaved@gulfcoastinsurancelawyers.com

*Attorneys for Plaintiff*